IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMAR SUBBA  :
1811 20TH Avenue  :
Seattle, WA 98122  :
      Plaintiff  :
   :
v.  :
   :
UNITED OF OMAHA LIFE  :
INSURANCE COMPANY  :
5 Neshaminy Interplex Dr  :
Feasterville-Trevose, PA 19053  :
      Defendant  :  NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Amar Subba, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, United of Omaha Life Insurance Company, (hereinafter referred to as "Omaha"), as follows:

**I.  STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

**II.  FACTS:**

2. The Plaintiff, Amar Subba, is an adult and competent

individual with a physical address of 1811 20th Avenue, Apt B3, Seattle, WA 98122..

3. The Defendant, Omaha, under information and belief, is a business entity with a business address at 5 Neshaminy Interplex Dr, Feasterville-Trevose, PA 19053.

4. Omaha is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

5. On a date certain, Omaha, issued a policy providing disability insurance benefits under policy number GLTD-0BG54 to the Plaintiff through the Plaintiff's employer.

6. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

7. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

8. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

9. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Omaha to the Plaintiff's employer.

10. On a date certain, the Plaintiff filed an application for Long Term

Disability benefits with Omaha and was approved Omaha denied the Plaintiff's claim stating it was excluded by the pre-existing condition clause.

11. The Plaintiff filed an administrative appeal and submitted additional medical records in support of his claim. The Plaintiff argued that he had surgery to his knee which may have fallen within the look back period; however, it was not until well after the look back period that he developed MRSA in his knee, which caused his present claim for Long Term Disability Benefits.

12. By correspondence dated January 2, 2022, Omaha denied the Plaintiff's appeal and advised him of his right to bring a civil action under ERISA.

13. Omaha acted arbitrarily, capriciously, and in a manner serving only its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits.

14. The actions of Omaha in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

15. The actions of Omaha in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

16. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

17. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

18. As a direct and proximate result of the actions of Omaha as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

19. As a direct and proximate result of the actions of Omaha, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from May 15, 2021 until the present and continuing into the future.

WHEREFORE, the Plaintiff, Amar Subba, respectfully requests that judgment be entered against Omaha as follows:

1. Ordering Omaha to pay to the Plaintiff, Amar Subba, Long Term disability insurance benefits from May 15, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Amar Subba, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@PondLehocky.com